**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**DORETHIA LARK, individually and as the
next friend of Charles Willie Lark, IV
and SHARON NORWOOD,**                                                 **PLAINTIFFS**

**VERSUS**                                                                                                             **NO.: 3:14-CV-216-MPM-SAA**

**PANOLA COUNTY, MISSISSIPPI**                                         **DEFENDANT**

                                                                                                         **JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

This is an action to recover actual damages against Defendant Panola County, Mississippi, for violation of Plaintiffs' First Amendment associational rights. The following facts support this action:

1.

Plaintiff, DORETHIA LARK, is an adult resident citizen of 707 West Pearl Extended, Sardis, Mississippi 38666, and is the mother of Charles Willie Lark, III, who died intestate. She brings this suit for violation of her constitutional rights, and also brings it as the next friend of Charles Willie Lark, IV, to recover for damages he may be due by reason of the death of his father, Charles Willie Lark, III. Dorethia Lark seeks to recover on behalf of Charles Lark, IV, for damages in violation of constitutional rights, which Charles Willie Lark, III would have had he survived.

Plaintiff, SHARON NORWOOD, is an adult resident citizen of 309 Percyville Street, Sardis, Mississippi 38666. This Plaintiff had lived with Charles Lark, III for five (5) years.

2.

Defendant, PANOLA COUNTY, MISSISSIPPI, is a political subdivision of the State of Mississippi and is sued for the official policy acts of its sheriff. It may be served with process upon its Chancery Clerk, Jim Pitcock, at 151 Public Square, Suite B, Batesville, Mississippi 38606. At all relevant times, Defendant carried out official jail policies through the official policy actions of the Sheriff of Panola County, Mississippi, and through the Jail Administrator of Panola County, Mississippi.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, to address the violation of rights guaranteed by the First and Fourteenth Amendments to the United States Constitution. This action is authorized by 42 U.S.C. § 1983.

4.

At all relevant times, the actions involved in this case are the result of official policy of Defendant, either of the sheriff's implemented policy, or his gross negligence in failing to supervise his employees, or his gross negligence in the operation of the jail.

5.

On Friday, April 5, 2013, Plaintiff Charles Lark, III was arrested by narcotics officer Ray Meek and placed in the custody of the Sheriff of Panola County, Mississippi. Panola County narcotics officers had arrested Lark, without a warrant, on suspicion that he had avoided a road block.

6.

Under the supervision of the sheriff and jail administrator, Bobby Meeks, Lark was immediately confined to the "holding" area of the jail. This is an area designated by the sheriff and jail administrator for prisoners who are not allowed to have any visitors. These prisoners are confined in isolation in a room without light.

7.

In violation of Charles Lark's First Amendment associational rights, and in violation of the associational rights of Plaintiffs to visit with him, Lark was held in isolation in the hold area continuously from April 5, 2013 until Monday, April 8, 2013. On April 8, 2013, a co-prisoner and Plaintiff Lark heard a jailer in the background stating that Lark had no bond, and he did not know when he could see a judge. Holding Lark in isolation without allowing him to see nor talk with anyone violated his and Plaintiffs' rights under the First Amendment of the United States Constitution, and constituted summary punishment in violation of the Fourteenth Amendment to the United States Constitution. Refusing to transport him to see a judge violated the Fourth Amendment to the United States Constitution.

8.

Plaintiff Lark was finally allowed to talk with her son, Charles Lark, by telephone after his removal from the hold area on Tuesday, April 9, 2013. At that time, Lark informed his mother, Dorethia Lark, that he was having difficulty <u>seeing</u> things plainly, and was <u>having strange nightmares</u>, as a result of being held in the dark hold area.

9.

Plaintiff Sharon Norwood was finally allowed to visit with Charles Lark on April 9, 2013,

for a total of fifteen (15) minutes. Plaintiff Norwood informed the jail administrator, Bobby Meeks, that Lark could not see well and was losing his memory, and needed to go to the hospital. Meeks told Plaintiff Norwood that Lark was detoxing and did not need to go to the hospital.

10.

Also, on Wednesday April 10, 2013, Bobby Meeks informed Plaintiff Lark that at 5:00 a.m. that morning the jailer had observed Lark shaking and not speaking. Plaintiff Lark asked if it was his heart or a seizure. Bobby Meeks said either he was "playing crazy" to "beat his charge," or was in detox. Plaintiff Lark responded that it was either his heart or a seizure.

11.

On the afternoon of April 10, 2013, Plaintiff Norwood attempted to visit Lark but was refused. Meeks informed Plaintiff Norwood that Lark had refused to see a physician. If Plaintiff Lark or Plaintiff Norwood had been allowed to visit with Lark, they could have persuaded him to see the physician, because of the close, loving relationship they had with Lark.

12.

On April 10, 2013, Plaintiffs retained an attorney, Thomas Defer, who visited with Lark at the jail, and also reported that he was in a disturbed and strange condition. Defer said Charles Lark could not talk to him. Again, however, Plaintiffs were not allowed to visit with Charles Lark after the regular visitation day of April 9, 2013.

13.

Exercising their First Amendment associational rights, both Plaintiff Lark and Plaintiff Norwood called the jail multiple times on Thursday, April 11, 2013, trying to get information about the condition of Charles Lark.

14.

On April 12, 2013, Plaintiff Lark attempted to call the jail seeking to find out about how her son was doing and had to leave several messages. On that same day, around 1:45 p.m., Plaintiff Lark received a call from the jail that her son, Charles Lark, died in jail.

15.

Plaintiffs have suffered mental anxiety and stress because of the jail policy of not allowing reasonable visitation rights to Charles Lark's mother, and fiancee, despite the fact that he had not been convicted of any crime.

16.

Plaintiffs have served their Notice of Claim, attached hereto as Exhibit "A," and the requisite waiting period has expired.

17.

Plaintiffs' rights have been violated in the following respects:

- A. Plaintiffs and Charles Lark's First Amendment associational right to associate with each other through visitation were violated.

- B. Charles Lark's Fourteenth Amendment right to be free from summary punishment were violated.

- C. Charles Lark's Fourth Amendment, Fourteenth Amendment and right to be properly brought before a judge to determine probable cause and to set his bail were denied.

### REQUEST FOR RELIEF

Plaintiffs request actual damages for violation of Charles Lark's Fourteenth Amendment association rights, and for their own First Amendment associational rights, in an amount to be determined by a jury, and reasonable attorneys' fees, costs and expenses.

5

Respectfully submitted, this the 30th day of September, 2014.

        Respectfully Submitted,

        WAIDE & ASSOCIATES, P.A.

        BY: */s/ JIM WAIDE*
            JIM WAIDE
            MS BAR NO: 6857

WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662-842-7324
FACSIMILE: 662-842-8056
EMAIL: waide@waidelaw.com

Attorneys for Plaintiffs